**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

**Grace Jun (SBN 287973)**
**GRACE JUN, ATTORNEY AT LAW**
501 West Broadway, Ste. 1480
San Diego, CA 92101
T: (310) 709-4012
e-mail: grace@gracejunlaw.com

**Panos Lagos (SBN 61821)**
**LAW OFFICES OF PANOS LAGOS**
6569 Glen Oaks Way
Oakland, CA 94611
T: (510) 530-4078 Ext. 101
F: (510) 530-4725
e-mail: panos@panoslagoslaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

WILLIAM HENNE, Decedent, by and through his successors in interest; F.H., a minor, by and through her proposed guardian ad litem, Reatana Ven, individually and as co-successor in interest to Decedent; W.A.H., a minor, by and through his proposed guardian ad litem, Alexis Celeste, individually and as co-successor in interest to Decedent; W.R.H., a minor, by and through his proposed guardian ad litem, Alexis Celeste, individually and as co-successor in interest to Decedent,

Plaintiffs,

vs.

COUNTY OF SAN JOAQUIN, a public entity, et al.,

Defendants.

Case No. 2:24-CV-02275-TLN-AC

[Assigned to the Honorable U.S. District Judge Troy L. Nunley – Courtroom 2]

**STIPULATION AND [~~PROPOSED~~] ORDER RE: "FIRST LOOK" AGREEMENT REGARDING CERTAIN FEDERAL RULE OF CIVIL PROCEDURE 45 SUBPOENAS ISSUED BY DEFENDANTS**

///

///

Plaintiffs and Defendants ("the Parties"), all through their undersigned counsel of record, and subject to the approval of the Court, respectfully stipulate as follows:

<u>RECITALS</u>

A. On June 8, 2026, the Defendants issued a subpoena under Federal Rule of Civil Procedure 45 to the school and school district of Minor Plaintiff F.H., seeking F.H.'s school records; the designated production date was June 29, 2026. Notice of this subpoena was served on Plaintiffs' counsel via U.S. Mail, which was received on or about June 11, 2026.

B. On June 12, 2026, Plaintiffs' counsel served notice of objections to the subpoena – asserting several discrete objections, including, inter alia, on state and federal privacy grounds – on Defendants' counsel, the subpoena company, and the custodian of records, via U.S. Mail and e-mail. Defendant subsequently served similar subpoenas to the schools of Plaintiffs W.A.H. and W.R.H, and Plaintiffs' counsel served similar notices of objections to these subpoenas.

C. On June 22, 2026, the undersigned Plaintiffs' counsel and counsel for Defendants met and conferred to discuss Plaintiffs' objections. Counsel for the Parties agreed to resolve the objections by employing a "First-Look" agreement.

D. Thus, in order to facilitate the procurement of certain records in this action in a more expeditious fashion by avoiding any protracted disputes about the temporal and substantive breadth of subpoena language, which Plaintiffs contend could violate the Plaintiffs' privacy rights, could include information that is not discoverable, and/or which could seek information which is not relevant to the claims and defenses in this matter, the parties agree to the following "First-Look" Procedure:

i. Defendants' counsel shall instruct their designated subpoena company ("Company"), which is their agent for purposes of the already-issued subpoenas, to produce the subpoenaed documents in electronic form (as .pdf files, preferably .pdf files with text recognition so that they are word searchable) directly to Plaintiffs' counsel. The Company will notify Defendants' counsel of the date on which it served the records to Plaintiffs'

counsel and provide the number of pages contained in the records production.

ii. Upon receipt of the subpoenaed documents from Company, Plaintiffs' counsel will then have twenty-one (21) calendar days to review the documents to see if they contain any privileged information or information protected by privacy rights. If the documents do contain such privileged or private information, Plaintiff's counsel may redact such information and/or withhold the pages containing that information. Plaintiff's counsel shall create a privilege log containing the page number, subject matter, and reason for withholding or redacting the records concerning any records withheld or redacted, complying with Federal Rules of Civil Procedure 45(e)(2)(A)(i)–(ii) and 26(b)(5)(A)(i)–(ii).

iii. On or before the twenty-first (21st) calendar day after receiving the records from Company, Plaintiffs' counsel shall serve the subpoenaed documents as .pdf files by electronic means (by email or Dropbox) on Defendants' counsel.

iv. If Plaintiff's counsel has redacted and/or withheld any information, Plaintiff's counsel shall also concurrently serve the privilege log described in ¶ D.(ii), above, by electronic means.

v. If, after receiving any log from Plaintiff of the sort identified in ¶ D.(ii), above, Defendants believe they are entitled to the withheld record (or un-redacted version of any redacted record), the Parties agree to meet and confer regarding the matter. If a resolution cannot be reached informally, Defendants may then seek relief from the Court pursuant to the Court's Standing Order governing discovery disputes, which provides that: "All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the Local Rules." ECF No. 3, § III., at 2:21–22. The Parties agree in advance that, if Defendants elect to, in order to streamline any disputes, the matter can be submitted to the assigned U.S. Magistrate Judge, Judge Allison

Claire, pursuant to the "Informal Telephonic Conference re Discovery Disputes", with a joint letter brief and the documents at issue, for Judge Claire to review in camera.

vi. Defendants, by and through their counsel, agree to promptly advise their designated Company in writing of this "First Look" agreement with respect to the subpoenas to which Plaintiffs' counsel have objected to, and to copy Plaintiff's counsel on any such communications, or other communications that relate to this Agreement. If, notwithstanding the terms of this Agreement, any subpoenaed records subject to this Agreement are provided directly to Defendants or their counsel (either by Company or by the providers themselves), Defendants and their counsel agree not to view any such records, to notify Plaintiffs' counsel, and to turn over such records to Plaintiffs' counsel, pursuant to this Agreement. Any records provided to Defendants in violation of the letter or spirit of this Agreement shall not be used for any purpose during this litigation, unless agreed to in writing by Plaintiffs. If records are inadvertently provided to Defendants or their counsel, contrary to this agreement, and subsequently turned over to Plaintiffs' counsel pursuant to this Agreement, it shall not be considered a violation of the letter or spirit of this Agreement.

IT IS SO STIPULATED BY THE PARTIES, THROUGH THEIR COUNSEL OF RECORD.

Respectfully Submitted,

Dated: July 29, 2026

**LAW OFFICE OF SANJAY S. SCHMIDT, GRACE JUN, ATTORNEY AT LAW, and LAW OFFICES OF PANOS LAGOS**

*/s/ Sanjay S. Schmidt**
By: SANJAY S. SCHMIDT
Attorneys for Plaintiffs

Dated: July 29, 2026

**BURKE, WILLIAMS & SORENSEN, LLP**

*/s/ Kyle Anne Piasecki*
By: Kyle Anne Piasecki
Gregory B. Thomas
Kyle Anne Piasecki
Jackson D. Morgus
Attorneys for Defendants

*Pursuant to Local Rule 131(e), counsel has authorized submission of this document on counsel's behalf.

**[~~PROPOSED~~] ORDER**

PURSUANT TO THE FOREGOING STIPULATION, AND GOOD CAUSE APPEARING, IT IS SO ORDERED.

Dated: July 29, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE